IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN RE:<br><br>PEDRO LUIS COLÓN MARTÍNEZ<br><br>Debtor | CASE NO. 19-04438 ESL<br><br>CHAPTER 13 |
|---|---|

### MOTION REQUESTING DISMISSAL OF CASE WITH BAR DATE TO REFILE

**TO THE HONORABLE COURT:**

    **COMES NOW,** creditor **Mary Carmen Rivera Rodríguez** through the undersigned counsel whom respectfully STATES and PRAYS as follows:

### Introduction

    Debtor Pedro Luis Colón Martínez (hereinafter "the debtor"), has filed his fifth bankruptcy petition under the Chapter 13 of the Bankruptcy Code. The debtor owes **$146,563.08** to DSO, who requests that this Honorable Court dismiss the present case with a bar date to re file of two years, in light of debtor's deliberate aversion to providing support, his systematic abuse of the bankruptcy protection, and his lack of good faith in filing his petition. As of this dated the debtor has failed to file a Chapter 13 Plan pursuant to 11 U.S.C. §1321, Local Bankruptcy Rule 3015-2(b) and Rule 3015(b) of the Federal Rules of Bankruptcy Procedure and has failed to maintain post-petition DSO payments.

### Factual and Procedural Background

### A. First Bankruptcy

1. On November 24th, 2009, the debtor, Pedro Luis Colón Martínez, filed his first Chapter 13 Bankruptcy Case. (See case no. 09-10072 SEK).

2. Due to lack of documents, the section 341 meeting of creditors was rescheduled (see docket entry no. 10).

3. The Chapter 13 Trustee filed a motion to dismiss alleging the debtor had failed to make payments as proposed in his Chapter 13 Plan as filed. The case was dismissed by this Honorable Court on April 23rd, 2010 (see docket no. 15 and 16).

### B. Second Bankruptcy

4. The debtor filed his second Chapter 13 Bankruptcy Case on September 30th, 2010. (See case no. 10-09205 ESL).

5. The section 341 meeting of creditors was re-scheduled due to, among other reasons, lack of adequate notice to the creditors and failed to make the first payment towards the proposed payment plan. See docket entry no. 9. The Chapter 13 Trustee filed a motion to dismiss alleging the debtor failed to comply with section 521 of the Bankruptcy Code.

6. The case was dismissed by this Honorable Court on December 20th, 2010. (See docket entry no. 15).

### C. Third Bankruptcy

7. The debtor filed his third Chapter 13 Bankruptcy Case on April 1st, 2011. (See case no. 11-02852 ESL).

8. The section 341 meeting of creditors was held and closed on May 6th, 2011. (See docket entry no. 17). In the 341 meeting minutes, the Chapter 13 Trustee informs that the debtor has failed to, among other things, make the first payment to the Chapter 13 Payment Plan and include income in the Chapter 13 Means Test.

9. After various motions requesting dismissal (see motion to dismiss filed by ASUME under docket entry no. 10 and Chapter 13 Trustee's motion to dismiss filed under docket entry no. 27) this Honorable Court entered an Order of Dismissal on October 19th, 2011 under docket entry no. 29.

### D. Fourth Bankruptcy

10. The debtor filed his fourth Chapter 13 Bankruptcy Case on November 6th, 2013. (See case no. 13-09281 ESL).

11. Creditor Mary Carmen Rivera Rodríguez filed a motion to dismiss alleging the debtor has failed to make DSO post- petition payments; hence, had filed the case in bad faith. See docket entry no. 8.

12. The Chapter 13 Trustee filed a motion to dismiss case in which alleged that the debtor failed to, among other things, file a Chapter 13 Plan and commence Chapter 13 Plan payments. See docket entry no. 9.

13. This Honorable Court filed an Order of Dismissal in the instant case pursuant to 11 USC §521(i). See docket entry no. 11.

### E. Fifth Bankruptcy

14. The debtor filed his fifth Chapter 13 Bankruptcy Case on August 5th, 2019. (See case no. 19-04438 ESL).

15. The section 341 meeting of creditors is to be held on September 12th, 2019 at 8:00 am.

16. The debtor has failed to file the Chapter 13 Plan within the fourteen (14) days from the filing of the petition as required by 11 U.S.C. §1321, Local Bankruptcy Rule 3015-2(b) and Rule 3015(b) of the Federal Rules of Bankruptcy Procedure.

### Legal Analysis

16. The First Circuit has decided that a debtor's petition and Chapter 13 plan, must each be filed in **good faith**[1]. The Bankruptcy Code does not expressly define the term good faith. The Courts must engage in a "fact intensive determination" and "multi-faceted analysis that is applied on a case by case basis" in order to determine the presence of good faith, or lack thereof.[2]

17. Section 349(a) of the Bankruptcy Code allows bankruptcy courts to enjoin future filing if cause exists to do so; also, section 105 (a) of the Bankruptcy Code authorizes a bankruptcy court to enter any Order necessary to carry out the provisions of the Code and to prevent an abuse of the bankruptcy process.

---

[1] See, In re Sullivan, 326 B.R. 204 (B.A.P. 1st Cir. 2005).
[2] Id.

3

**18.** To prevent abusive debtors the Courts, find that they must be barred from filing any chapter of the Bankruptcy Code for a period significantly longer than 180 days.[3]

## Creditor's Request

**19.** When examining debtor's previous conduct, one may confirm a proven history of non-responding diligently to his duties pursuant to 11 U.S.C. §521; of prolonging an attitude of negligence and total carelessness when it comes to providing support to his children, be it before, during or after any of his bankruptcy petitions; of failing continuously to abide by one of the basic requirements and principles promoted by the Chapter 13 bankruptcy, being to provide for full payment of priority DSO claims and maintain compliance with any and all payments that become due and payable from the filing of the petition; etc.

**20.** The debtor has failed his vital part of the bankruptcy process to keep his post-petition DSO payments current. To-date the debtor owes $146,563.08 in pre and post-petition payments (**See Exhibit 1,** ASUME CERTIFICATE). The debtor's actions in not keeping his DSO monthly payments pursuant to the State Court order calls into question the integrity or validity to maintain good faith in his bankruptcy case.

**21.** This Honorable Court should find plenty cause to dismiss the present case with prejudice for a period of, at least, two (2) years.

**22.** The evidence is clear in showing debtor has not filed the preset case in good faith, and that he has engaged in **serial filing to deliberately thwart child support t collection efforts**. Not a single child support payment, not even partial, has been received voluntarily form debtor during the past, and post-petition arrears have already begun to accrue under the present case. It is evidently that the debtor's abuse of the bankruptcy system to avert paying child support is deplorable and should be put to an immediate halt.

**23.** The creditor requests that an Order of Dismissal with Bar Date to Re-file be entered in the present case for failure to file a Chapter 13 Plan within the terms provided and required by 11 U.S.C. §1321, Local Bankruptcy Rule

---

[3] See In Re Rusher, 283 B.R. 544, 547-48 (Bankr. W.D. Mo. 2002).

4

3015-2(b) and Rule 3015(b) of the Federal Rules of Bankruptcy Procedure and for failure to maintain his DSO payments current post-petition.

24. The Debtor is not an active member of the United States Armed Forces. (**See Exhibit 2**, Status Report)

**WHEREFORE**, the creditor Mary Carmen Rivera Rodríguez, requests from this Honorable Court to consider the herein motion and grant an Order of Dismissal with a Bar Date to Re-File of two (2) years along with any other order it deems just or proper.

**30 DAYS NOTICE**: Pursuant to General Order No. 05-09, the Debtor(s), his/her/their counsel of record, and all those parties in interest who have filed a notice of appearance in this case, are hereby notified that unless a party in interest files an objection hereto within 30 days from the date of this notice, the case may be dismissed or converted without the need of further notice or hearing.

**NEGATIVE CERTIFICATION PURSUANT TO SECTION 201(B)(4) OF THE SERVICEMEN'S CIVIL RELIEF ACT OF 2003:** The creditor declares that according to the attached certification(s), provided by the Department of Defense Manpower Data Center (DMDC), the Debtor(s) is(are) not in active duty or under call to active duty as a member(s) of the ARMY, NAVY, or AIR FORCES of the United States of America; National Guard; the Public Health Service or the National Oceanic and Atmospheric Administration.

**CERTIFICATE OF SERVICE**: I CERTIFY that on this same date the foregoing document has been electronically filed WITH THE Clerk of the Court using the CM/ECF system which sends notified of such filing to all system's participants, including the U.S. Trustee's Office and the Trustee. A copy of this document has been mailed to the debtor by USPS certified mail to the following mailing address: 210 Ash Breeze CV St Augustin Fl 32095.

**RESPECTFULLY SUBMITTED**

In Caguas, Puerto Rico, 4th day of September 2019.

/s/ Carlos A. Ruiz Rodríguez, Esq.
USDC-PR 210009
Attorney for Creditor
**LCDO. CARLOS ALBERTO RUIZ, CSP**
P.O. Box 1298
Caguas, PR 00726-1298
Phone: (787) 286-9775; Fax: (787) 747-2174
carlosalbertoruizquiebras@gmail.com

EXHIBIT 1

**GOBIERNO DE PUERTO RICO**
**Departamento de la Familia**
Administración para el Sustento de Menores

Fecha de Emisión: 9/4/2019
*Issue date:*

## CERTIFICACION
### *CERTIFICATE*

Nuestro sistema mecanizado contiene la siguiente información:
*Our automated case management system has the following information:*

MARY C RIVERA RODRIGUEZ no tiene la obligación de pagar pensión alimentaria a través de ASUME.
*MARY C RIVERA RODRIGUEZ does not have obligation to pay child support through the ASUME.*

| Caso / Case | Pensión Fijada / Support Established | Frecuencia de Pago / Payment Frequency | Fecha Último Pago / Last Payment Date | Balance adeudado / Arrears Due | Plan de Pagos / Payment plan | Frecuencia Plan de Pagos / Payment plan frequency | Fecha en que se estableció Plan de Pagos / Payment Plan establishment date | Fecha último pago registrado del Plan de Pagos / Date of last payment for payment plan |
|---|---|---|---|---|---|---|---|---|
| 0526688 | $3,290.00 | MENSUAL | 7/21/2017 | $146,563.08 | $987.00 | MENSUAL | 12/12/2016 | 7/21/2017 |

En este caso los alimentistas NO recibieron asistencia económica del Programa Ayuda Temporal a Familias Necesitadas "TANF".
*In this case, the obligees received NO economic assistance from the Temporary Assistance for Needy Families Program (TANF).*

MARY C RIVERA RODRIGUEZ NO se encuentra acogido/a a la Ley de Quiebras.
*MARY C RIVERA RODRIGUEZ IS NOT under the protection of the Bankruptcy Act.*

Tiene **0** obligación(es) de pagos de pension(es) alimentaria(s) a través de ASUME.
*Has* **0** *child support obligation(s) through the ASUME*

Recibe pensión alimentaria a través de ASUME en **1** caso(s):
*Receives child support through ASUME in* **1** *case(s):*

**0526688**

Este documento resume la información contenida en el sistema mecanizado (PRACSES) de la Administración para el Sustento de Menores. Los pagos realizados directamente a la persona custodia no se registran como pagos de pensión alimentaria ni plan de pago. Deberá acudir a la oficina de la ASUME donde está asignado su caso para solicitar la acreditación de pagos efectuados fuera de ASUME. El balance de esta Certificación no incluye el mes en que fue expedida. La información de este documento es válida por treinta (30) días, a partir de la fecha de su emisión.
*This document summarizes the information contained in the Administration for Child Support Enforcement automated system (PRACSES). Payments made directly to the Custodial Person are neither registered as child support payments nor as payments made for the payment plan. You must visit the ASUME office to which your case is assigned in order to request to credit those payments. The balance in this Certificate does not include the current month when it was issued. The information contained in this document is valid for thirty (30) days from its issue date.*

**20190904201910004285812**

NOTA DE CONFIDENCIALIDAD: La información contenida en este documento y cualquier anejo del mismo es confidencial y privilegiada y tiene el propósito de que sólo sea utilizado por la persona identificada en el mismo.

*CONFIDENTIALITY NOTE: The information contained in this document and any attachment is confidential and privileged and has the purpose of being used only by the person identified in it.*

Para validar la información contenida en este certificado, favor acceder a http://www.pr.gov/validacionelectronica/.
*To validate the information herein, please access http://www.pr.gov/validacionelectronica/.*

ASM-526
REV 02/15

Department of Defense Manpower Data Center

Results as of : Sep-04-2019 09:50:05 AM

SCRA 5.0



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

EXHIBIT 2

| | |
|---|---|
| SSN: | XXX-XX-2014 |
| Birth Date: | Aug-XX-1973 |
| Last Name: | COLON |
| First Name: | PEDRO |
| Middle Name: | LUIS |
| Status As Of: | Sep-04-2019 |
| Certificate ID: | T20RGP39D6W07YH |

| On Active Duty On Active Duty Status Date ||||
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date ||||

| Left Active Duty Within 367 Days of Active Duty Status Date ||||
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date ||||

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date ||||
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty ||||

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Michael V. Sorrento*

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA 93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ? 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q33) via this URL: https://scra.dmdc.osd.mil/faq.xhtml#Q33. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. ? 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC ? 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC ? 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC ? 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.