**UNITED STATES BANKRUPTCY COURT**
**District of Puerto Rico, San Juan Division**

| | |
|---|---|
| In Re<br>**COLON-MARTINEZ, PEDRO L.**<br><br>XXX-XX-**2014**<br><br>XXX-XX-<br><br>**Puerto Rico Local Form G**<br><br>**Chapter 13 Plan dated** 09/23/2019 | Case No: **19-04438-ESL**<br><br>Chapter 13<br><br>[ ] Check if this is a pre-confirmation amended plan.<br><br>[ ] Check if this is a post confirmation amended plan<br>Proposed by:<br>    [X] Debtor(s)<br>    [ ] Trustee<br>    [ ] Unsecured creditor(s)<br><br>[ ] If this is an amended plan, list below the sections of the plan that have been changed. |

## PART 1 Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. **Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | [ ] Included | [X] Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | [ ] Included | [X] Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | [X] Included | [ ] Not included |

## PART 2: Plan Payments and Length of Plan

2.1 **Debtor(s) will make payments to the trustee as follows:**

*Puerto Rico Local Form G (LBF-G) Chapter 13 Plan Page 1*

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| 100.00 | 17 | 1,700.00 | |
| 125,100.00 | 1 | 125,100.00 | INCLUDES LUMP SUM PAYMENT AS PER SECTION 2.4. |
| 100.00 | 42 | 4,200.00 | |
| Subtotals | 60 | 131,000.00 | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*
[ ] Debtor(s) will make payments pursuant to a payroll deduction order.
[X] Debtor(s) will make payments directly to the trustee.
[ ] Other (specify method of payment): _____

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*
[ ] None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

[X] Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.
**LUMP SUM PAYMENT IN THE AMOUNT OF $125,000.00 FROM SALE OF INHERITANCE PROPERTIES.**

## PART 3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

[ X] **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4 **Lien Avoidance.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 **Surrender of collateral.**

*Check one.*
[ ] **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

[X] The Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that

the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

**Name of creditor**  
**HARLEY DAVIDSON CREDIT CORP**  
*Insert additional lines as needed.*

**Collateral**  
**MOTORCYCLE**

3.6 **Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**
   [ X ] Payments pursuant to 11 USC §1326(a)(1)(C):

| *Name of secured creditor* | *$ Amount of APMP* | *Comments* |
|---|---|---|
| **EAST HARBOR** | **$80.00** | |

*Insert additional lines as needed.*

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

3.7 **Other secured claims modifications.**

*Check one.*
[ ] **None**. *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

[X] Secured claims listed below shall be modified pursuant to 11 U.S.C. § 1322(b)(2) and/or § 1322(c)(2). Upon confirmation, the trustee shall pay the allowed claim as expressly modified by this section, at the annual interest rate and monthly payments described below. Any listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2

| Name of creditor | Claim ID # | Claim amount | Modified interest rate | Modified term (Months) | Modified P&I | Property taxes (Escrow) | Property insurance (Escrow) | Total monthly payment | Estimated total PMTs by trustee |
|---|---|---|---|---|---|---|---|---|---|
| **EAST HARBOR** | **2009 MACK CHU-613** | **$15,887.00** [ X ] To be paid in full 100% | | | | | | Starting on Plan Month _ | **$15,887.00** |

*Insert additional lines as needed.*

## PART 4: Treatment of Fees and Priority Claims

4.1 **General**

   Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's fees**
   Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3 **Attorney's fees**

   *Check one.*

   [X] **Flat Fee**: Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

   **OR**

   [ ] **Fee Application**: The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

   | | |
   |---|---|
   | Attorney's fees paid pre-petition: | $ **1,000.00** |
   | Balance of attorney's fees to be paid under this plan are estimated to be: | $ **0.00** |
   | If this is a post-confirmation amended plan, estimated attorney's fees: | $ **0.00** |

*Puerto Rico Local Form G (LBF-G) Chapter 13 Plan Page 3*

4.4 **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.**

*Check one.*
[ ] **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

[X] The Trustee shall pay in full all allowed claims entitled to priority under §507, §1322(a)(2), estimated in $<u>216,226.87</u>

| Name of priority creditor | Estimate amount of claim to be paid |
|---|---|
| <u>ASUME</u> | <u>$72,953.79 (to be objected)</u> |
| <u>ASUME</u> | <u>$143,273.08</u> |

*Insert additional lines as needed.*

4.5 **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

4.6 **Post confirmation property insurance coverage**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

## PART 5: Treatment of Nonpriority Unsecured Claims

5.1 **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

[ ] The sum of $ _____.

[ ] _____% of the total amount of these claims, an estimated payment of $ _____.

[X] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

[ ] If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ _____.

5.2 **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

5.3 **Other separately classified nonpriority unsecured claims.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

7.1 **Property of the estate will vest in the Debtor(s) upon**

[X] Plan confirmation.
[ ] Entry of discharge.
[ ] Other: _____

**7.2 Plan distribution by the trustee will be in the following order:**
*(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)*

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – *Arrearage payments*
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

**8.1    Check "None" or list the nonstandard plan provisions**

[ ] **None**. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

**8.2) THIS SECTION MODIFIES LBF-G, PART 2 SECTION 2.3 TAX REFUND LANGUAGE:**

**ANY POST-PETITION INCOME FROM TAX RETURNS THAT THE DEBTOR/S BE ENTITLED TO RECEIVE DURING THE TERM OF THE PLAN WILL BE USED TO FUND THE PLAN IN ADDITION TO THE OFFERED BASE.**

**AFTER THE CONFIRMATION AND WITHOUT FURTHER NOTICE, HEARING OR COURT ORDER, THE PLAN SHALL BE DEEMED MODIFIED IN SUCH INCREASE OF THE BASE AS THE AMOUNT OF THE TAX RETURN RECEIVED BY THE TRUSTEE.**

**THE AMOUNT THAT THE DEBTOR/S IS/ARE COMMITTING FROM HIS/HER/THEIR TAX RETURNS WOULD BE THE AMOUNT THAT THE COURT DETERMINES THAT WOULD NOT BE NECESSARY TO THE LIFE OR WELL BEING OF HIS/HER/THEIR DEPENDENTS.**

**THE DEBTOR/S WOULD AT EVERY OCCASION OR OCCURRENCE REQUEST THE COURT TO AUTHORIZE USE OF ANY AMOUNT OF TAX REFUND THAT NOT OFFERED TO THE PLAN AFTER JUSTIFYING ANY NECESSARY EXPENSE THAT WOULD ENTER AND AFFECT THE CONCEPT OF DISPOSABLE INCOME THAT IS THE BASE OF THE TAX REFUNDS.**

**8.3) This Section modifies LBF-G, Part 3: Retention of Lien:** The lien holder of any allowed secured claim, provided for by the plan, in its Part 3, will retain its lien according to the terms and conditions required by 11 USC 1325(a)(5)(B)(i)(I) & (II).

**8.4) THIS SECTION CLARIFIES LBF-G, PART 3 SECTION 3.5:**

**HARLEY DAVIDSON CREDIT CORP STAY LIFTED. TRUSTEE WILL NOT MAKE ANY DISBURSEMENTS TO HARLEY DAVIDSON CREDIT CORP AS SECURED CREDITOR.**

*Insert additional lines as needed.*

## PART 9: Signature(s)

/s/ *Rosana Moreno-Rodriguez*                      Date **September 23, 2019**
Signature of attorney of Debtor(s)

/s/ *PEDRO L. COLON-MARTINEZ*              Date **September 23, 2019**

                                                                Date **September 23, 2019**
Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)

By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.

**Within TWENTY (21) DAYS AFTER SERVICE** as evidenced by the certification, and an additional three (3) days pursuant Fed. R. Bank P. (9006) (f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief or remedy sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise. It you file a timely response, the court may-in its discretion-schedule a hearing.

## CERTIFICATE OR SERVICE

**I hereby certify** that I electronically filed the foregoing with the clerk of the Court using the CM/ECF SYSTEM that will send notifications upon information and belief to the Chapter 13 Trustee of the Case, and the U.S. Trustee. We will serve by regular mail said motion to all creditors listed in the master list address of the Case knowing that they are not part of the CM ECF system.

**In Carolina, Puerto Rico on September 23, 2019.**

> **MORENO & SOLTERO, LLC**
> **/s/ROSANA MORENO RODRIGUEZ**
> **ATTORNEY FOR DEBTOR**
> **USDC #221903**
> **P.O. BOX 679**
> **TRUJILLO ALTO, PR 00977**
> **PHONE: (787) 750-8160**
> **FAX: (787) 750-8243**
> **EMAIL: rmoreno@morenosolterolaw.com**

```
ASUME
PO BOX 71414
SAN JUAN, PR  00936-8514


AUTOEXPRESO
PO BOX 11889
SAN JUAN, PR  00922-1889


BANCO POPULAR
BANKRUPTCY DEPARTMENT
PO BOX 366818
SAN JUAN, PR  00936-6818


BANCO POPULAR DE PR
MORTGAGE SERVICING DEPARTMENT
PO BOX 362708
SAN JUAN, PR  00936-2708


CAPITAL ONE BANK USA NA
PO BOX 30281
SALT LAKE CITY, UT  84130-0281


EAST HARBOR
12360 NW SOUTH RIVER DRIVE SUITE B
MIAMI, FL  33178-1193


ECMC
LOCKBOX 8682
PO BOX 16478
ST PAUL, MN  55116
```

```
ENHANCED RECOVERY COMPANY, LLC
PO BOX 57547
JACKSONVILLE, FL  32241


FIRSTBANK
PO Box 9146
San Juan, PR  00908-0146


HARLEY DAVIDSON CREDIT CORP
DEPT 15129
PALATINE, IL  60055


LCDA ILEANA RIVERA TORRES
12 CALLE MUNOZ RIVERA
CIDRA, PR  00739


MRS MARI C RIVERA RODRIGUEZ
URB CIUDAD JARDIN SUR 237 CALLE VILLALON
CAGUAS, PR  00727


MRS SANDRA PENA LOPEZ
URB RAMOS ANTONINI 24 CALLE 1
SAN LORENZO, PR  00754


ORLANDO HEALTH
1414 KUHL AVE
ORLANDO, FL  32806
```

```
PORTFOLIO RECOVERY ASSOCIATES, LLC
120 CORPORATE BOULEVARD
NORFOLK, VA  23502


PREMIER BANKCARD LLC
JEFFERSON CAPITAL SYSTEMS LLC
PO BOX  772813
CHICAGO, IL  60677


RELIABLE AUTO
PO BOX 50045
SAN JUAN, PR  00902


SANTANDER CONSUMER USA
PO BOX 560284
DALLAS, TX  75356


SPRINT NEXTEL
BANKRUPTCY DEPARTMENT
PO BOX 7949
OVERLAND PARK, KS  66207-0949


VOSS & KLEIN, LLC
49 N FEDERAL HWY  SUITE 316
POMPANO BEACH, FL  33062
```