IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>PEDRO L. COLON MARTINEZ<br><br>DEBTOR(S) | CASE NO.: 19-04438 ESL<br><br>CHAPTER 13 |

**MOTION TO DISMISS WITH A TWO-YEAR BAR TO REFILE:**
**BAD FAITH FILING AND NON-COMPLIANCE WITH POST-PETITION DSO**

TO THE HONORABLE COURT:

COMES NOW, Puerto Rico's Administration for Child Support (hereinafter ASUME), as Creditor in the present bankruptcy case, through the undersigning attorney, and hereby respectfully STATES and PRAYS as follows:

## I. INTRODUCTION

Debtor Pedro L. Colón Martínez (hereinafter, "debtor"), has filed his **fifth Chapter 13 bankruptcy petition** in bad faith, and against the DSO creditors' best interests. Debtor's longtime pattern of noncompliance with both bankruptcy requirements, and with complying with his child support obligations in the amounts and/or frequency established by State Court, should lead to the dismissal of the present bankruptcy case, and render him unable to make abusive and unfair use of the bankruptcy system to purposely avoid providing support to his minor children. ASUME bases its position on the following:

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. First Banktuptcy- 09-10072 SEK 13

1. Debtor filed his first bankruptcy petition under Chapter 13, on **November 24, 2009**. See, *Voluntary Petition*, at Docket 1 in Bankr. Case No. 09-10072 SEK 13.

2. ASUME claimed $40,388.52 in pre-petition DSO arrears, as registered under child support case No. 0351865 (custodial parent Sandra Peña López). See, Claim 6-3 in Bankr. Case No. 09-10072 SEK 13.

3. Prior to debtor's request for bankruptcy relief, the State Court had activated child support enforcement and collection efforts, as well as revision proceedings, under Civil Case No. HSRF2004-00942. See, *Schedule for State Court case HSRF200400942*, as Exhibit 1, accesible to the general public through the official Puerto Rico Judicial Branch website- http://www.ramajudicial.pr/consultas/casos.html

4. On March 29, 2010, the Trustee filed a Motion to Dismiss due to debtor's failure to make monthly plan payments as proposed by debtor himself through the Chapter 13 plan, arrears by then already totaling $900.00. See, *Chapter 13 Plan* and *Trustee's MtD*, at Dockets 2 and 15 in Bankr. Case No. 09-10072 SEK 13, respectively.

5. Debtor did not file his position within the established timeframe, nor became up to date with the Chapter 13 payments, for which reason the Court proceeded to order the dismissal of his bankruptcy case, on **April 23, 2010**. See, *Order Dismissing Case*, at Docket 16 in Bankr. Case No. 09-10072 SEK 13.

6. At the time the case was dismissed, child support case No. 0351865 (custodial parent Sandra Peña Lopez) had accrued arrears ascending to $42,498.52. See, *Payment History* 0351865 at April 2010, Exhibit 2.

2

### B. Second Bankruptcy- 10-09205 ESL 13

7. On **September 30, 2010** debtor filed a second bankruptcy petition under Chapter 13. See, *Voluntary Petition*, at Docket 1 in Bnkr. Case No. 10-09205 ESL 13.

8. This second bankruptcy was filed in the midst of active enforcement and revision proceedings in State Court. See, *Schedule for State Court case HSRF200400942*, as Exhibit 1, accesible to the general public through the official Puerto Rico Judicial Branch website- http://www.ramajudicial.pr/consultas/casos.html.

9. DSO arrears accrued under child support case 0351865 (custodial parent Sandra Peña Lopez) had increased to $45,662.52. See, *Payment History 0351865* at September 2010, Exhibit 2; see also, *Claim 7-1* in Bnkr. Case No. 10-09205 ESL 13.

10. By November 17, 2010, the Trustee was already filing a Motion to Dismiss, based on the following:

    a. Debtor's failure to provide evidence of income;

    b. Debtor's failure to provide copies of his state and federal tax returns;

    c. Debtor's failure to file accurate schedules;

    d. Debtor's failure to give proper notice of his petition to creditors;

    e. Debtor's failure to include Mrs. Sonia Peña Lopez as creditor; and

    f. Debtor's failure to commence plan payments as proposed by him under the Plan. See, *Trustee MtD* at Docket 10 in Bnkr. Case No. 10-09205 ESL 13.

11. Debtor did not file his position within the established timeframe, nor became compliant with the aforementioned requirements, for which reason the Court ordered the dismissal of his second bankruptcy case, on **December 20, 2010**. See, *Order Dismissing Case*, at Docket 15 in Bankr. Case No. 10-09205 ESL 13.

12. At the time of dismissal, DSO arrears under child support case No. 0351865 (custodial parent Sandra Peña Lopez) had increased up to $47,411.32. See, *Payment History 0351865* at December 2010, Exhibit 2.

### C. Third Bankruptcy- 11-02852 ESL 13

13. Debtor filed a third bankruptcy on **April 1, 2011**, at which time child support arrears under case No. 0351865 (custodial parent Sandra Peña Lopez) had increased to $47,746.92. See, *Voluntary Petition* at Docket 1 in Bankr. Case No. 11-02853 ESL 13; and *Payment History 0351865* at April 2011, Exhibit 2.

14. Shortly after, on April 15, 2011, ASUME filed a Motion to Dismiss requesting a one-year bar to refile, stating to the Court that:

    a. The filing was being made less than 90 days following the previous dismissal, with the intent to stay an order to show cause before a State Court contempt proceeding due to failure to make DSO payments;

    b. Debtor's repetitive filings were being made in bad faith and his conduct was a display of clear abuse of the bankruptcy system and proceedings;

    c. Debtor's actions and stallment of payments were causing DSO creditor irreparable harm; and

    d. Debtor was a serial filer, requesting relief from the Court solely to evade his obligation of providing support. See, *ASUME MtD* at Docket 10 in Bankr. Case No. 11-02852 ESL 13.

15. On May 5, 2011, debtor filed a Reply to ASUME's Motion stating, among other things, that he was now in a position to comply with plan payments in light of his new job in ASR, Inc. See, ¶7 of *Debtor's Reply*, at Docket 13 in Bankr. Case No. 11-02852 ESL 13.

16. Debtor made child support payments for a substantial amount shortly afterwards prompted by State Court proceedings, and the child support case was adjusted, resulting in a reduced debt of $890.00 by August 2011. See, *Payment History 0351865* at August 2011, Exhibit 2.

17. Notwithstanding, by September 13, 2011, the Trustee was filing a Motion to Dismiss due to debtor's default with plan payments for the amount of $1,800. See, Trustee MtD at Docket 27 in Bankr. Case No. 11-02852 ESL 13.

18. The case was dismissed on **October 19, 2011**, at which time the child support case of reference was showing arrears equal to $1,585. See, Order Dismissing Case, at Docket 29 in Bankr. Case No. 11-02852 ESL 13; see also, *Payment History 0351865* at October 2011, Exhibit 2.

### D. Fourth Bankruptcy- 13-09281 ESL 13

19. A fourth bankruptcy petition was filed by debtor on **November 6, 2013**. See, *Voluntary Petition* at Docket 1 in Bankr. Case No. 13-09281 ESL 13.

20. As to case 0351865 (custodial parent Santa Peña López), continuous contempt proceedings were being held by State Court during the months leading up to the third bankruptcy filing. See, *Schedule for State Court case HSRF200400942*, as Exhibit 1, accesible to the general public through the official Puerto Rico Judicial Branch website- http://www.ramajudicial.pr/consultas/casos.html.

21. These judicial enforcement proceedings resulted in a successful outcome, again prompting debtor to make a substantial payment towards the aforementioned child support obligation. See, *Payment History 0351865* at September 2013, Exhibit 2.

22. On the other hand, a second child support obligation had been established by the time the fourth bankruptcy was beinf filed, this one payable to custodial parent Mary C. Rivera Rodríguez under ASUME case No. 0526688.

23. ASUME filed claims repectively for each obligation, as follows:

    a. Claim No. 5- Sandra Peña López- $695; and

    b. Claim No. 6- Mary C. Rivera Rodríguez- $31,250.95.

24. The correct amount accrued under the latter case at the time of this filing, was actually $34,540.97. See, *Payment History 0526688* at November 2013, Exhibit 3.

25. At and around the time of this bankruptcy filing, State Court proceedings were actively being held related to child support case No. 0526688 (custodial parent Mary C. Rivera Rodríguez), under Civil Case No. E CU2013-0006. See, *Schedule for State Court case E CU2013-0006*, as Exhibit 4, as made accesible to the general public through the official Puerto Rico Judicial Branch website- http://www.ramajudicial.pr/consultas/casos.html.

26. The bankruptcy case was dismissed by the Court as early as **December 30, 2013**, based on debtor's failure to file all documents and information required under 11 USC §521(a), despite his previous experience and knowledge as to Chapter 13 bankruptcy requirements and procedures. See, *Order Dismissing Case*, Docket 11 in Bankr. Case No. 13-09281 ESL 13.

27. Debtor never filed the required documentation nor moved the Court for reconsideration of its Order.

28. At the time of dismissal, DSO arrears under case No. 0351865 (custodial parent Sandra Peña López) had been reduced to $0.00, again in response to active State Court enforcement proceedings that had proved successful. See, *Payment History 0351865* at November 2013, Exhibit 2; see also, *Schedule for State Court case HSRF200400942*, as Exhibit 1, accesible to the general public through the official Puerto Rico Judicial Branch website- http://www.ramajudicial.pr/consultas/casos.html.

29. Case No. 0526688 (custodial parent Mary C. Rivera Rodríguez) however, showed an increased child support balance of $37,830.97. See, *Payment History 0526688* at December 2013, Exhibit 3.

### E. Fifth Bankruptcy- 19-04438 ESL 13

30. At the same time **child support revision proceedings** were initiated for case 0351865 (custodial parent Sandra Peña López), and **enforcement contempt proceedings** were being held and scheduled by State Court for case 0526688 (custodial parent Mary C. Rivera Rodríguez), debtor once again leaned towards this Court in request for relief, clearly with the sole intent of stalling collection of support against him, by filing a fifth Chapter 13 bankruptcy petition on **August 5, 2019**. See, Docket 1; see also, *Schedule for State Court case HSRF200400942*, as Exhibit 1, and *Schedule for State Court case E CU2013-0006*, as Exhibit 4, as made accesible through the official Puerto Rico Judicial Branch website- http://www.ramajudicial.pr/consultas/casos.html.

31. Two Motions to Dismiss have already been filed by each custodial parent, to which ASUME now joins in their request for dismissal, appealing also to this Court's authority of enjoining debtor from filing further petitions in the future for, at least, a period of two years.

32. ASUME has filed two claims- under case 0526688 for the astounding amount of $146,523.08 (Claim 10), and under case 0351865 also for a significantly elevated amount of $70,007.79 (Claim 11).

33. Debtor has made no post-petition child support payment whatsoever in favor of case No. 0526688 (custodial parent Mary C. Rivera Rodríguez), to this day owing a total of $6,580 in post-petition DSO. See, Payment History 0526688, Exhibit 3.

34. On the other hand, debtor became up to date with post-petition payments under case 0351865 (custodial parent Sandra Peña López) after paying pass the 5th of october the amount of $2,108; however he has not complied with a essential element to all established child support obligations, that being the frequency with which the minor needs to receive such support. See, *Payment History 0351865*, Exhibit 2.

35. **Debtor is not an active member of the United States Armed Forces**. See, *Status Report*, Exhibit 5.

### III. LEGAL ANALYSIS

A debtor's petition and Chapter 13 plan, must each be filed in **good faith**. See, *In re Sullivan*, 326 B.R. 204 (B.A,P. 1st Cir. 2005); *In re Love*, 957 F.2d 1350, 1354-55 (7th. Cir. 1992); *In re Fleury*, 294 B.R. 1, 5 (Bankr. D. Mass. 2003); *In re Virden*, 279 B.R. 401, 407 (Bankr. D. Mass. 2002); see also, 11 USC §1325(a)(3). The term good faith is not expressly defined within the Bankruptcy Code. In order to determine presence of good faith, or lack thereof, Courts must engage in a "fact intensive determination" and "multi-faceted analysis that is applied on a case-by-case basis" See, *In re Sullivan*, supra.; *In re Love*, supra. at 1355; *In re Virden*, supra. at 407-09.

When examining whether a petition was filed in good faith, the Court should **look into pre-petition as well as post-petition conduct** of the debtor. See, *In re Scotten*, 281 B.R. 147, 149 (Bankr. D. Mass, 2002); *In re Fleury, supra*. at 6. The U.S. Supreme Court has further made it clear that "despite the absence of any statutory provision specifically addressing the issue, the federal courts are virtually unanimous that prepetition bad-faith conduct may cause a forfeiture of any right to proceed with a Chapter 13 case" See, *Marrana v. Citizens Bank of Mass*., 549 US 365, 367 (2007).

The First Circuit has further adopted a **totality of the circumstances** approach to determine lack of good faith, taking into consideration factors, such as:

(1) debtor's accuracy in stating [his] debts and expenses;

(2) debtor's honesty in the bankruptcy process, including whether [he] has attempted to mislead the court and whether [he] has made any misrepresentations;

(3) whether the Bankruptcy Code is being unfairly manipulated;

(4) the type of debt sought to be discharged;

(5) whether the debt would be dischargeable in a Chapter 7, and

(6) debtor's motivation and sincerity in seeking Chapter 13 relief. See, *In re Sullivan, supra.; In re Cabral*, 285 B.R. 563, 573 (B.A.P. 1st Cir. 2002); *In re Virden, supra*. at 408.

Two additional factors should be considered, "namely the **debtor's history of filings and dismissals** and whether the debtor only **intended to defeat state court litigation**" See, *In re Sullivan, supra.; In re Fleury, supra*. at 6 (Emphasis supplied). The main issue to determine is "whether the debtor is attempting to thwart his creditors, or is making an honest effort to repay them to the best of his ability" *In re Sullivan, supra.; In re Virden, supra*. at 409.

9

Also, "[w]hile multiple filings are not, in and of themselves, improper or indicative of bad faith, a history of multiple filings and dismissals may be construed as bad faith. […] Additionally, while filing on the eve of, for example, a foreclosure or […] a debtor's examination is not necessarily an indication of bad faith, it is probative of bad faith" See, *In re Glenn*, 288 B.R. 516, 520 (Bankr. E.D. Tenn. 2002); *In re Cusano*, 431 B.R. 726, 735 (6th Cir. B.A.P. 2010). Finally, "[m]alfeasance, ill will towards the creditors, malice or actual fraud is not required to find a debtor lacked good faith" *Id.*; *In re Ho*, 274 B.R. 867, 871 (9th Cir. B.A.P. 2002).

In considering these stated factors, it remains clear that debtor has filed all of his Chapter 13 bankruptcy petition in bad faith. Debtor is undoubtedly a serial filer that has failed, time and time again, to comply with basic Chapter 13 requirements, including default with his child support obligations.

We ask the Court to look into the facts stated in detail above, paired with the applicable law. When examining debtor's previous and current conduct, one may confirm a proven history of negligence and total carelessness when called to provide support to his children in the manner he is called to by State Court, and of abusing the relief afforded through bankruptcy for the sole purpose of hindering the State Court's inherent judicial authority to enforce child support collection actions and implement public policy **of the highest rank in our society.** See, *Torres Rodríguez v. Carrasquillo Nieves*, 177 DPR 728 (2009); *McConnell v. Palau*, 161 DPR 734 (2004); *Argüello v. Argüello*, 155 DPR 62, 69 (2001).

As recent as September 3, 2019, the Supreme Court of Puerto Rico issued an Opinion providing a detailed account of the importance and legal effect of civil contempt proceedings in the context of enforcement of child support obligations. It is an enforcement mechanism

10

available to state courts, yet limited to cases in which **a deliberate and obstinate pattern of voluntary disobedience** is displayed by the person called to provide support. See,*Umpierre Matos v. Juelle Abello*, 2019 TSPR 160; see also*, Sosa Rodríguez v. Rivas Santiago*, 105 DPR 518, 522 (1976). The main purpose of the civil contempt proceeding is not to punish, but to achieve repair and successful collection of the support owed to the minor children, **especially when proven effective in light of the obligors capacity to pay**. See, *Pérez v. Espinosa*, 75 DPR 777, 781 (1954); see also, *Umpierre Matos v. Juelle Abello*, 2019 TSPR 160.

Debtor's prolonged misconduct has only subsided when confronted with State Court contempt proceedings, all of which have proven successful in collecting substantial amounts for the benefit of the minor in case 0351865, further proving **he has the capacity to pay but seldom does so voluntarily.**

The Bankruptcy Code provides that "on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, **for cause**" 11 USC §1307(c) (Emphasis supplied). Although §1307 does not enumerate good faith as cause, the Courts have held that lack of good faith (or bad faith) may indeed be cause for dismissal or conversion of a Chapter 13 case under such section. See, *In re Cabral*, 285 B.R. 563, 573 (B.A.P. 1st Cir. 2002); *In re Fleury*, *supra.* at 5; *In re Virden*, *supra.* at 407.

Furthermore, Section 1307(c)(11) of the Bankruptcy Code provides cause for dismissal for "failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition". Debtor owes post-petition DSO payments under case

11

0526688 as stated above, and furthermore has failed to comply with the provision of support under case 0351865 with the frequency required by his minor daughter.

This Honorable Court should find ample cause to dismiss the present case **with prejudice** for a period of, at least, two (2) years.

WHEREFORE, ASUME prays and requests that this Honorable Court considers all of the above stated and GRANTS its request for dismissal of the present case, with a bar to refile of, at least, two (2) years, along with any other remedy or disposition that the Court finds applicable in law or equity.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 16TH day of October, 2019.

I HEREBY CERTIFY: that on this same date I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered parties, including Trustee José R. Carrión Morales, Esq., debtor's attorney, Rosana Moreno Rodríguez, Esq; and custodial parent Mary C. Rivera Rodríguez' attorney, Carlos A. Ruiz Rodríguez. I further certify that a true and exact copy of this Motion is being sent to the US Trustee via email sent to: USTP.Region21@usdoj.gov; and that a true and exact copy of the present Motion has been mailed to Debtor, to his address of record: 210 Ash Breeze CV, St. Augustin FL, 32095; and to custodial parent Sandra Peña López, to her address in our records.

/S/MYRIAM HERNANDEZ-LUCENA, ESQ.
USDC-PR NO.: 230908
PO BOX 71316
SAN JUAN, PR 00936-8416
TEL. (787) 767-1500, EXT. 2813
FAX. (787) 772-9352
mhernandez2@asume.pr.gov

**Notice:** Within **thirty (30) days** after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were

served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.